STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.

| 0 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

Last revised: September 1, 2018

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:                                              Case No.:      19-27945

Madhu Agarwal
                                                    Judge:         Sherwood

Debtor(s)

### Chapter 13 Plan and Motions

☐ Original              ☒ Modified/Notice Required            Date:   March 14, 2020

☐ Motions Included      ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: _____    Initial Debtor: _____    Initial Co-Debtor: _____

## Part 1: Payment and Length of Plan

a. The debtor shall pay $ __853.00__ per __month__ to the Chapter 13 Trustee, starting on __January 1, 2020__ for approximately __2__ months, and then in the amount of $100.00 per month until the properties are sold.

b. The debtor shall make plan payments to the Trustee from the following sources:

- ☐ Future earnings

- ☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

- ☒ Sale of real property
  Description: 210 Fulton St, JC NJ; 270 Princeton Ave JC NJ; 132 Irving St JC NJ; 419 Esplinade, Maywood, NJ
  Proposed date for completion: September 14, 2020

- ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____

- ☐ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

### Part 2: Adequate Protection ☒ NONE

a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

### Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $8,000.00 |
| DOMESTIC SUPPORT OBLIGATION | N/A | |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

## Part 4: Secured Claims

a. **Curing Default and Maintaining Payments on Principal Residence:** ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

b. **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

c. **Secured claims excluded from 11 U.S.C. 506:** ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments**  ☒ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender**  ☒ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☒ NONE

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan:** ☐ NONE

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
| Nationstar Mortgage | 419 Esplinade, Maywood NJ | Full amount owed |
| Nationstar Mortgage | 270 Princeton Ave Jersey City NJ | Full amount owed |
| Nationstar Mortgage | 210 Fulton Ave, Jersey City, NJ | Full amount owed |
| Nationstar Mortgage | 132 Irving Place, Jersey City, NJ | Full amount owed |

## Part 5:  Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☒ Not less than ____100%____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified** unsecured claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:  Executory Contracts and Unexpired Leases  ☐ NONE**

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| Helen Ackerly | ~~$0.00~~ $3,000.00 | Residential Lease | Assumed | As per lease |
| Renee Duval & Richard Halle ✗ | ~~$0.00~~ $7,000.00 | Residential Lease | Assumed | As per lease |
| Rebecca & Samatha Gould ✗ | ~~$0.00~~ $5,000.00 | Residential Lease | Assumed | As per lease |
| Patricia Merola & D. Frazier ✗ | ~~$0.00~~ $4,000.00 | Residential Lease | Assumed | As per lease |
| Marvin Simms, Tyanaha Graves & Shygan Dixon | ~~$0.00~~ $50,000 (UNPAID RENTS) | Residental Lease | Assumed | As per lease |
| Jeremy Canelario Eizel Inoa | $0.00 | Residential Lease | Assumed | As per lease |
| Rachel Back | $0.00 | Residential Lease | Assumed | As per lease |

(Handwritten annotation: "EVICTED" bracketing Renee Duval & Richard Halle, Rebecca & Samatha Gould, Patricia Merola & D. Frazier; arrows pointing to Helen Ackerly and Marvin Simms row)

**Part 7:  Motions  ☒ NONE**

NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).  ☒ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### Part 8: Other Plan Provisions

a. Vesting of Property of the Estate

☒ Upon confirmation

☐ Upon discharge

b. Payment Notices

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Other Administrative Expenses
3) Secured Claims
4) Lease Arrearages    5) Priority Claims    6) General Unsecured Claims

d. **Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: December 18, 2019

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Mortgage arrears were wrongly listed as disputed. The full mortgage amounts due on all properties will be paid through the sale of all properties. | 1) The arrears on the mortgages are listed Undisputed.<br>2) This modified plan provides for the sale of all of the debtor's real property - - This is now a list and sell plan.<br>3) Proposed date for completion of sale of real properties has been extended to September 14, 2020. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 20 March 2012

X _[signature]_
Debtor

Date: _____

Joint Debtor

Date: 20 March 2022

Attorney for Debtor(s)

```
                         United States Bankruptcy Court
                              District of New Jersey
In re:                                                       Case No. 19-27945-JKS
Madhu Agarwal                                                Chapter 13
        Debtor
                              CERTIFICATE OF NOTICE
District/off: 0312-2          User: admin              Page 1 of 2        Date Rcvd: Apr 03, 2020
                              Form ID: pdf901          Total Noticed: 27


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 05, 2020.
db             +Madhu Agarwal,    419 Esplanade,    Maywood, NJ 07607-1959
aty            +Anthony F. Gralewski,    55 College Ave.,    Jersey City, NJ 07305-1513
aty            +Nicholas Fitzgerald,    Fitzgerald and Associates,    649 Newark Avenue,
                 Jersey City, NJ 07306-2341
sp             +Fitzgerald & Crouch, P.C.,     649 Newark Avenue,    Jersey City, NJ 07306-2340
cr             +The Bank Of New York Mellon,    RAS Crane, LLC,    10700 Abbott's Bridge Road, Suite 170,
                 Duluth, GA 30097-8461
518469312      +Deutsche Bank National Trust Company,    1761 E St Andrew PL,    Santa Ana, CA 92705-4934
518469313      +Eckert Seamans Cherin & Mellot LLC,    Gateway IV, Suite 401,    100 Mulberry St.,
                 Newark, NJ 07102-4056
518501482      +Englewood Health,    350 Engle Street,    Englewood, NJ 07631-1898
518602311      +Englewood Hospital,    CCCB,    P.O. Box 1750,    Whitehouse Station, NJ 08889-1750
518501483      +Gastroenterology Assoc,    of NJ,    842 Clifton Avenue,    Clifton, NJ 07013-1800
518501486       Gastroenterology Assoc,    of NJ,    PO Box 51074,    Newark, NJ 07101-5174
518501487      +Imaging Subspecialists,    of North Jersey L,    703 Main Street,    Paterson, NJ 07503-2621
518501484      +Imaging Subspecialists,    of North Jersey L,    PO Box 3607,    Evansville, IN 47735-3607
518469314      +Mr. Cooper,    Attn: Bankruptcy,    8950 Cypress Waters Blvd,    Coppell, TX 75019-4620
518469315      +Nissan Motor Acceptance Corp/Infiniti,     Attn: Bankruptcy,    Po Box 660360,
                 Dallas, TX 75266-0360
518469316      +RAS Cintron LLC,    130 Clinton Road, Suite 202,    Fairfield, NJ 07004-2927
518501485      +St. Joseph's Health,    St Josephs University,    Medical Center,    703 Main Street,
                 Paterson, NJ 07503-2621
518469317      +Stern Lavinthal & Frankenberg LLC,    105 Eisenhower Parkway, Suite 302,
                 Roseland, NJ 07068-1640
518579583      +THE BANK OF NEW YORK MELLON,    P.O. Box 619096,    Dallas TX 75261-9096
518491023      +The Bank Of New York Mellon,    RAS Crane, LLC,    10700 Abbotts Bridge Road, Suite 170,
                 Duluth, GA 30097-8461

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Apr 04 2020 01:58:08      U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Apr 04 2020 01:58:07       United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
518500504       E-mail/PDF: MerrickBKNotifications@Resurgent.com Apr 04 2020 02:06:59
                 Advanta Bank Corporation,    Resurgent Capital Services,    PO Box 10368,
                 Greenville, SC 29603-0368
518589461      +E-mail/Text: bncmail@w-legal.com Apr 04 2020 01:58:15      CarePoint Health - Physican CHMG,
                 C/O WEINSTEIN & RILEY, PS,    2001 WESTERN AVE., STE 400,    SEATTLE, WA 98121-3132
518598546       E-mail/Text: jennifer.chacon@spservicing.com Apr 04 2020 01:58:46
                 Deutsche Bank National Trust Company et al,,    c/o Select Portfolio Servicing, Inc.,
                 P.O. Box 65250,    Salt Lake City, UT 84165-0250
518579872       E-mail/PDF: resurgentbknotifications@resurgent.com Apr 04 2020 02:07:22       LVNV Funding LLC,
                 c/o Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
518469318       E-mail/Text: bankruptcy@td.com Apr 04 2020 01:58:09      TD Bank,    Attn: Bankruptcy,
                 1701 Rt 70 E,    Cherry Hill, NJ 08034
                                                                                              TOTAL: 7

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
518469311      Carmen Gonzalez
                                                                                   TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 05, 2020                                  Signature:  /s/Joseph Speetjens

```
District/off: 0312-2           User: admin                  Page 2 of 2                  Date Rcvd: Apr 03, 2020
                               Form ID: pdf901              Total Noticed: 27
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 23, 2020 at the address(es) listed below:
          Denise E. Carlon    on behalf of Creditor    Deutsche Bank National Trust Company, As Trustee Et
           Al... dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com
          Marie-Ann Greenberg    magecf@magtrustee.com
          Nicholas Fitzgerald    on behalf of Debtor Madhu Agarwal Fitz2Law@gmail.com
          Rebecca Ann Solarz    on behalf of Creditor    Deutsche Bank National Trust Company, As Trustee Et
           Al... rsolarz@kmllawgroup.com
          Shauna M Deluca    on behalf of Creditor    The Bank Of New York Mellon sdeluca@rasflaw.com
          Sindi Mncina    on behalf of Creditor    The Bank Of New York Mellon smncina@rascrane.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 7
```